Name & Address:
Gregory P. Barchie, Esq.
Reuben, Raucher & Blum
1100 Glendon Avenue, Tenth Floor
Los Angeles, CA 90024

FILED
09 JUN -8 PM 12:02

'09 MC 0461

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Gregory Scott Del Amo | CASE No. |
|---|---|
| Plaintiff(s) | CV 07-663-PSG (JWJx) |
| v. | |
| Norman Baccash and No Cash, Inc. | **CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT** |
| Defendant(s) | |

I _____Terry Nafisi_____, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on November 10, 2008
_____
                                                                    Date
as it appears in the record of this court, and that* *(see below)*

An appeal was taken from the attached judgment ("Order re Attorneys' Fees"), but, on May 14, 2009, the District Court for the Central District of California granted Plaintiff's Motion to Certify the Order re Attorneys' Fees for Registration in the Southern District of California. Docket #222.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on  05-15-09
                                                                          Date

_____Terry Nafisi_____
CLERK, U.S. DISTRICT COURT

By: _____Michele Murray_____
             Deputy Clerk

ORIGINAL

* Insert the appropriate language:

"No notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed."

"no notice of appeal from this judgment has been filed, any motions of the kind s listed in Rule 4(a) of the Rules of Appellate Procedure [*] have been disposed of, the latest order disposing of such a motion having been entered on [date]."

"an appeal was taken from this judgment and this judgment was affirmed by mandate of the Court of Appeals issued on [date]."

"An appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

[NOTE: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment not withstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.]

**Link to 150 & 151 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
|---|---|---|---|
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):       Attorneys Present for Defendant(s):

Not Present                                                  Not Present

**Proceedings:** (In Chambers) Order on Plaintiff's and Defendants' Motions for Attorney's Fees and Costs

Before the Court are Plaintiff's and Defendants' separate Motions for Attorney's Fees and Costs. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. Proc. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion and DENIES Defendants' Motion.

I.  BACKGROUND

In January 2007, Plaintiff Gregory Scott Del Amo ("Plaintiff") commenced the instant action against Defendants Norman Baccash ("Baccash") and No Cash, Inc. ("No Cash") (collectively, "Defendants"). Originally, Plaintiff's lawsuit contained five claims: (1) copyright infringement under the Copyright Act,[1] (2) misappropriation of a person's photograph and/or likeness under California Civil Code section 3344,[2] (3) misappropriation of a person's photograph and/or likeness under common law, (4) unjust enrichment, and (5) unfair competition pursuant to California Business and Professions Code section 17200.

Over the next eleven months, Plaintiff incurred an estimated $33,000 in attorney's fees while prosecuting this action. However, as soon as Defendants retained new counsel in late

---

[1] For ease of presentation and for the remainder of this Order, the Court will refer to this claim as the "copyright claim."
[2] For ease of presentation and for the remainder of this Order, the Court will refer to this claim as the "section 3344 claim."

| CV 07-663 | CIVIL MINUTES - GENERAL | Page 1 of 16 |

**Link to 150 & 151 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
|---|---|---|---|
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

November 2007, Plaintiff's fees increased exponentially. Mostly this was due to the fact that Defendants barraged Plaintiff with a litany of unnecessary motions, such as inappropriate *ex parte* applications to extend the discovery cut-off date, improperly filed motions for summary judgment, and patently unreasonable motions for reconsideration. In addition, Defendants, often without explanation, would engage in bad-faith litigation practices, thereby wasting both Plaintiff and the Court's precious time and expense. For example, despite Plaintiff's willingness to stipulate to waive the Demand for Jury Trial weeks before trial, Defendants nonetheless steadfastly insisted on proceeding by way of jury trial. Then, without warning or reason, Defendants, on the first day of trial, abruptly changed their mind. As a result of Defendants' unexplained conduct, both Plaintiff and the Court wasted finite resources preparing for that form of trial.

Besides engaging in wasteful litigation practices, Defendants consistently and unapologetically abused the discovery process. Indeed, during the two-day bench trial that began on April 1, 2008, the Court "found that Defendants knowingly violated this Court's orders and the Federal Rules of Civil Procedure by refusing to produce financial records to Del Amo." *See Findings of Fact and Conclusions of Law* (July 15, 2008), 6:9-11. Additionally, the Court "determined that Defendants attempted to evade discovery production duties." *Id.* at 6:13-17.

At the conclusion of the trial, the Court determined that Plaintiff failed to establish the required nexus between Defendants' infringing activities and their indirect profits, thus precluding recovery of damages under the Copyright Act. *See Findings of Fact and Conclusions of Law* (July 15, 2008), 10:28-11:18, 14:4-7. The Court did, however, determine that damages were warranted under California Civil Code section 3344. *See id.* at 18:21-28 (finding that pursuant to the statutory framework of the California Civil Code, Plaintiff could recover $10,500). As for the other three claims, since Plaintiff withdrew them immediately prior to the commencement of the bench trial, all issues relating to them were rendered moot.

On August 13, 2008, the Court entered a final judgment in Plaintiff's favor and awarded Plaintiff $10,500 in statutory damages under California Civil Code section 3344. *See Judgment* (Aug. 13, 2008). Additionally, the Court permanently enjoined Defendants from "any future infringement of Plaintiff's photographs" and also ordered Defendants "to return any and all copies of these photographs within their possession to Plaintiff's counsel." *Id.* at 2:1-9.

II.  **LEGAL STANDARD**

Link to 150 & 151 O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
|---|---|---|---|
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

Under the "American Rule," each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415, 98 S. Ct. 694 (1978). However, if a court determines that a fee award is in order, the court must also calculate the proper amount of the award to ensure that it is, among other things, reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983).

In *Hensley v. Eckerhart*, the Supreme Court established that in fee-shifting cases the basis of a fee award is the "lodestar" – the number of hours expended by the applicable hourly market rate for legal services. *Id.* at 433. The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation . . . (4) the results obtained, and (5) the contingent nature of the fee agreement." *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996).

Once calculated, the lodestar amount is presumptively reasonable. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728, 97 L. Ed. 2d 585, 107 S. Ct. 3078 (1987); *see also Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that the lodestar figure should only be adjusted in rare and exceptional cases). The court must then decide whether to adjust the lodestar amount based on an evaluation of the factors that have not been subsumed in the lodestar calculation. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 70.

III. **DISCUSSION**

Both Plaintiff and Defendants move for attorney's fees as well as costs.

Link to 150 & 151 O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

A. <u>Attorney's Fees</u>

Under the governing fee-shifting statutes, recovery of attorney's fees is limited to the "prevailing party." *See* 17 U.S.C. § 505 (copyright claim); Cal. Civ. Code § 3344 (state misappropriation claim). Both parties in this action claim that they are the prevailing party with respect to the copyright claim and the three claims Plaintiff voluntarily dismissed prior to the bench trial that began on April 1, 2008. But of course this cannot be true because, logically speaking, there can only be one prevailing party in this circumstance. Thus, before determining what fees, if any, the respective parties are entitled to, this Court must first determine who the prevailing party on each claim is.

1. <u>Who is the Prevailing Party?</u>

a. <u>The Copyright Claim</u>

"Except as otherwise provided by [the Copyright Act], the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Defendants contend that the Court should deem them the prevailing party for purposes of § 505 because "Plaintiff recovered nothing under his claim for copyright infringement." *Def. Mot.* 7:25. However, neither the facts of this case nor the governing law support this contention.

Contrary to Defendants' arguments, Plaintiff did indeed recover something under the Copyright Act. This something, as Plaintiff correctly points out, is a judgment that permanently enjoined Defendants from "any future infringement of Plaintiff's photographs" and which also ordered Defendants "to return any and all copies of these photographs within their possession to Plaintiff's counsel." *See Judgment* (Aug. 13, 2008), 2:1-9. Thus, while Defendants may be correct that Plaintiff was unable to recover any damages under the Copyright Act, they are simply incorrect that Plaintiff "recovered nothing under his claim for copyright infringement." *Def. Mot.* 7:25.

The importance of recovering this judgment against Defendants cannot be overlooked. Not only does it allow Plaintiff to protect his copyrightable works, but it also is dispositive as to who the prevailing party is under the Copyright Act. Controlling precedent establishes that the prevailing party in an action is "one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit." *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791, 103 L. Ed. 2d 866, 109 S. Ct. 1486 (1989); *see*

**Link to 150 & 151 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

*also Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989); *Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F. Supp. 532, 541 (C.D. Cal. 1995). The Ninth Circuit has further explained that a plaintiff will "be regarded as the prevailing party if [she] succeeds at trial in establishing the defendant's liability, even if the damages are nominal or nothing." *Wall Data, Inc. v. Los Angeles County Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006) (quoting 4 Nimmer, *Nimmer on Copyright* § 14.10[B]).

As noted above, it is beyond dispute that Plaintiff obtained an enforceable judgment against Defendants. It is also beyond dispute that this judgment directly affects Defendants' obligations toward Plaintiff. Although it should go without saying, the Court will say it anyway: This judgment would not have been entered in Plaintiff's favor unless he succeeded on a significant issue in the litigation that achieved some of the benefits he sought in bringing suit. *Wall Data*, 447 F.3d at 787.

In summary, it is apparent from the record that Plaintiff is indeed the prevailing party on the copyright claim. All contrary arguments raised by Defendants are without merit and therefore rejected.

### b. California Civil Code section 3344

Under California Civil Code section 3344, the "prevailing party . . . shall be entitled to attorney's fees and costs." As one California Court of Appeal recently confirmed, this "mandatory fee provision" leaves no room for discretion. *See Kirby v. Sega of America, Inc.*, 144 Cal. App. 4th 47, 62, 50 Cal. Rptr. 3d 607 (2006). However, this Court does have discretion to determine who the prevailing party on the section 3344 claim is. *Gilbert v. Nat'l Enquirer, Inc.*, 55 Cal. App. 4th 1273, 1277, 64 Cal. Rptr. 2d 659 (1997) (finding that the lower court validly exercised its discretion when it concluded there was no prevailing party following the plaintiff's voluntary dismissal of the complaint).

Defendants do not dispute that Plaintiff is the prevailing party under California Civil Code section 3344;[3] nor could they. In its *Findings of Fact and Conclusions of Law*, the Court determined that Plaintiff was indeed the prevailing party under section 3344. *See Findings of Fact and Conclusions of Law* (July 15, 2008), 19:1. This determination was later reaffirmed

---

[3] Defendants do, however, argue that Rule 68 of the Federal Rules of Civil Procedure limits how much Plaintiff is entitled to recover under his section 3344 claim. The merits of this argument are discussed in more detail below.

Link to 150 & 151 O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

when this Court denied Defendants' motion to amend judgment. *See generally Order on Defendants' Motion to Amend Judgment* (Sept. 16, 2008). Nevertheless, to avoid any future confusion, the Court explicitly finds, as it has already done so numerous times before, that under California Civil Code section 3344, Plaintiff is the prevailing party.

c. The Three Claims Plaintiff Voluntarily Dismissed

Prior to a two-day bench trial that began on April 1, 2008, Plaintiff withdrew the following three state law claims: (1) misappropriation of a person's photograph and/or likeness under common law, (2) unjust enrichment, and (3) unfair competition. Although both parties argue that they are entitled to recover attorney's fees in relation to these claims, only Defendants argue that this is because they are the prevailing party on these claims.[4] Accordingly, for the time being the Court confines its analysis to Defendants' argument.

In support of their position, Defendants cite to three decisions, two from the Ninth Circuit and one from the California Supreme Court.[5] These three decisions, according to Defendants, stand for the proposition that when a plaintiff voluntarily dismisses a claim, the defendant in the action is the prevailing party on that claim. However, what Defendants have neglected to account for is whether it is even necessary for the Court to distill a rule of law from the cited authority.

Under the "American Rule," each party in a lawsuit ordinarily bears her own attorney's fees unless there is express statutory authorization to the contrary. *See Christiansburg Garment Co.*, 434 U.S. at 415; *City and County of San Francisco v. Sweet*, 12 Cal. 4th 105, 115, 48 Cal. Rptr. 2d 42 (1995). Here, Defendants do not point the Court to a statute or rule that provides for the shifting of fees under the present circumstances. Accordingly, as there is no statutory grant of attorney's fees, the Court refuses to depart from the well-established "American rule." *Christiansburg Garment Co.*, 434 U.S. at 415; *Sweet*, 12 Cal. 4th at 115; *see also Int'l Indus., Inc. v. Olen*, 21 Cal. 3d 218, 145 Cal. Rptr. 691 (1978) (finding that attorney's fees should not be awarded automatically to parties in whose favor a voluntary dismissal has been entered). Since under the "American rule" both parties would be required to pay for their own attorney's fees, there is no need to determine who is the prevailing party on these claims.

---

[4] Plaintiff, by contrast, argues that it is entitled to fees under *Hensley*, 461 U.S. 424.
[5] These cases are as follows: *All Am. Distrib. Co. v. Miller Brewing Co.*, 736 F.2d 530 (9th Cir. 1984), *Corcoran v. Columbia Broad. Sys., Inc.*, 121 F.2d 575 (9th Cir. 1941), and *Santisas v. Goodin*, 17 Cal. 4th 599, 71 Cal. Rptr. 2d 830 (1998).

**Link to 150 & 151 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

        d.     <u>Conclusion</u>

In summary, the Court finds that Plaintiff is the prevailing party under the Copyright Act, 17 U.S.C. § 101 et seq., and California Civil Code section 3344.

        2.     <u>Whether Plaintiff's Recovery is Limited by Statute</u>

In their moving and opposing papers, Defendants raise an important argument as to why Plaintiff is limited in his recovery of attorney's fees. Defendants contend that because Plaintiff failed to register his copyrightable works, Plaintiff cannot recover attorney's fees for the copyright claim. On this point, Defendants are undoubtedly correct.

Section 505 of the Copyright Act provides that the court may allow the recovery of full attorney's fees and costs by or against any party. 17 U.S.C. § 505. Ordinarily, this is a matter left to the discretion of the court. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023 (1994). However, there are specific circumstances where no discretion exists. One such situation is where, as here, infringement occurred before registration of the copyright. *See* 17 U.S.C. § 412. In that situation, § 412 mandates that no attorney's fees or statutory damages are to be awarded. *Id.*

Here, not only does Plaintiff concede that he failed to register his works prior to Defendants' infringement but he also admits that his failure to register his works is "the only reason why [he] is not seeking attorney's fees as the prevailing party under the Copyright Act . . . ." *Pl. Opp.* 6:23-24. Consequently, following the statutory mandate found in § 412, the Court finds that even though Plaintiff is the prevailing party on the copyright claim, the Court cannot, as a matter of law, award Plaintiff's attorney's fees on that claim.

        3.     <u>Whether Plaintiff Can Recover Attorney's Fees Under *Hensley*</u>

In his moving papers, Plaintiff argues that he "is entitled to attorney's fees spent in connection with all of the claims of relief for his Complaint, and not just his § 3344 claim, because they all involve a common core of facts." *Pl. Mot.* 17-18. Whether this is the case depends upon the application of *Hensley* to the case at bar.[6]

---

[6] Although this Court has found that Defendants cannot recover attorney's fees on the three dismissed claims, it does not necessarily follow that Plaintiff will not be able to do the same. As the Supreme

Link to 150 & 151 O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

In *Hensley*, the Supreme Court instructed district courts on the proper analysis that should be applied in those cases where a plaintiff succeeds on only some of her claims for relief yet seeks to recover attorney's fees incurred on all claims. *Hensley*, 461 U.S. at 434; *see also Schwarz*, 73 F.3d at 901. In such cases, the district court must apply a two-part test. First, the court asks whether the claims upon which the plaintiff failed to prevail were related to her successful claims. *Hensley*, 461 U.S. at 434; *see also Schwarz*, 73 F.3d at 901. If unrelated, the final fee award may not include time expended on the unsuccessful claims. *Hensley*, 461 U.S. at 434-35; *see also Schwarz*, 73 F.3d at 901. However, if the unsuccessful and successful claims are related, then the court must apply the second part of the test, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435; *see also Schwarz*, 73 F.3d at 901. If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive. *Hensley*, 461 U.S. at 435-57; *see also Schwarz*, 73 F.3d at 901. As is often the case with matters involving attorney's fees, such decisions are within the district court's discretion. *Hensley*, 461 U.S. at 437; *see also Schwarz*, 73 F.3d at 901.

      a.  Whether the Claims Are Related

Following *Hensley*, the first step in this Court's analysis is an examination of the relatedness of the claims on which Plaintiff succeeded and on which he failed. As the Ninth Circuit has noted, related claims will involve "a common core of facts" or will be based on related legal theories, while unrelated claims will be "distinctly different" and based on different facts and legal theories. *Schwarz*, 73 F.3d at 901 (citing *Hensley*, 461 U.S. at 434).

Plaintiff correctly points out that the instant case is not a case where there are "distinctly different claims for relief that are based on different facts and legal theories." *Schwarz*, 73 F.3d at 901. Indeed, central to each claim are the same basic facts: Plaintiff owned various rights in fourteen photographs and Defendants violated these rights when they displayed the photographs on their website without Plaintiff's consent. Thus, this is very much a case that "involve[s] a common core of facts." *Schwarz*, 73 F.3d at 901.

---

Court made clear in *Hensley v. Eckerhart*, 461 U.S. 424, there are certain times when a plaintiff who succeeds on only some of her claims can nonetheless recover attorney's fees for those claims on which she did not prevail. *See id.* at 436-37; *see also Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995); *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986).

**Link to 150 & 151 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

This is also a case "based on related theories." *Id.* For example, to prevail on a misappropriation claim under California Civil Code section 3344, Plaintiff was required to prove the same four elements that are present in a common law misappropriation claim. *See Downing v. Abercombrie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001). Additionally, Plaintiff's claims for injunctive relief under the Copyright Act and California Business and Professions Code section 17200 were essentially claims cut from the same cloth.

In summary, the Court finds that all five claims involved a "common core of facts" and were "based on related theories." *See Schwarz*, 73 F.3d at 901.

   b. The "Significance of the Overall Relief Obtained by the Plaintiff"

The second part of the analysis requires the Court to evaluate the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Schwarz*, 73 F.3d at 901. At this stage in the case, it is clear that Plaintiff has indeed obtained significant relief. Plaintiff has recovered damages incurred as a result of Defendants' misappropriation of the photographs. Plaintiff has also obtained a court order that directs Defendants to turn over the photographs they unlawfully obtained from Plaintiff, and which prohibits Defendants from any future infringement. *See Judgment* (Aug. 13, 2008), 2:1-9. Thus, since Plaintiff has obtained "excellent results" full compensation of attorney's fees may therefore be appropriate. *Schwarz*, F.3d at 901.

   c. Whether Plaintiff Can Recover Attorney's Fees Incurred on the Copyright Claim Under *Hensley*

In his Motion, Plaintiff also argues that he is entitled to recover attorney's fees on the copyright claim. He bases this argument on an overbroad reading and application of *Hensley*, 461 U.S. 424. It bears repeating that this Court has already found that Plaintiff is not entitled to receive attorney's fees under the Copyright Act. To provide fees for this claim under *Hensley* would not only be inconsistent with the purposes underlying the Copyright Act's registration provisions, it would also be contrary to the plain language of the statute. *See* 17 U.S.C. § 412. Accordingly, the Court rejects Plaintiff's argument that it can recover attorney's fees for the copyright claims simply by virtue of the fact that they are "related claims" under *Hensley*. *See also* 4 Nimmer, *Nimmer on Copyright* § 14.10[A] (2006) (finding only one case where the court awarded fees to a copyright owner who had failed to timely register the work and disapproving strongly of that decision).

   d. Conclusion

Link to 150 & 151 O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

Following *Hensley*, 461 U.S. 424, the Court finds that the claims on which Plaintiff prevailed (*i.e.*, the copyright claim and the section 3344 claim) are related to the claims on which Plaintiff failed (*i.e.*, the three withdrawn claims). Additionally, the Court finds that since Plaintiff obtained "excellent results," full compensation may be appropriate on all claims, with exception of the copyright claim.

    4.     The "Reasonableness" of the Attorney's Fees

        a.     Calculating the Amount of the Award

When calculating an award of reasonable attorney's fees, district courts in the Ninth Circuit must use the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001); *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *Morales*, 96 F.3d at 363. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at 363. Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000); *see also Kerr*, 526 F.2d at 70 (enumerating factors district courts may consider in determining fee awards).

The fee applicant bears the initial burden of substantiating the rate claimed and the hours worked. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541 (1984)); *see also Schwarz*, 73 F.3d at 908. What this means here is that Plaintiff bears the burden of substantiating the rate claimed and the hours worked on the section 3344 claim and the three claims he voluntarily dismissed.

        i.     The Rate Claimed

In determining whether an hourly rate is reasonable, courts consider the experience, skill, and reputation of the attorney requesting fees, as well as whether the hourly rate reflects the prevailing market rates in the community. *Webb v. Ada County*, 285 F.3d 829, 840 n.6 (9th Cir. 2002); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

**Link to 150 & 151 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
|---|---|---|---|
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

In his declaration, Gregory P. Barchie states that three attorneys and two paralegals worked on this case. Their names, positions/responsibilities in relation to this case, and hourly rates are reflected in the following table:

| Name | Position/Responsibilities | Hourly Rate in 2007 | Hourly Rate in 2008 |
|---|---|---|---|
| Gregory P. Barchie | Attorney. Primarily responsible for researching legal issues and drafting pleadings and all related filings. | $200 | $225 |
| Timonth D. Reuben | Attorney. Overall responsibility for the prosecution of this action; lead trial attorney. | $500 | $525 |
| Stephen L. Raucher | Attorney. Primarily responsible for the day-to-day management of this action. | $375 | $395 |
| Linda Kava | Paralegal | $125 | $125 |
| Amy Eimerman | Paralegal | $90 | $90 |

Barchie claims that these rates are commensurate with the prevailing rates in the community. *See Barchie Decl.* ¶ 8. Defendants do not contest these rates.

Based on the foregoing representations, the Court finds that the hourly rates listed in the table above are reasonable hourly rates in this district for the type of work involved in this proceeding by attorneys with similar skill, experience, and reputation as Plaintiff's attorneys.

ii. <u>Hours Reasonably Expended</u>

In addition to bearing the burden of substantiating the rate claimed, Plaintiff also bears the burden of substantiating the hours worked. *Dang*, 422 F.3d at 814. To carry this burden, Plaintiff's counsel must demonstrate that they exercised "billing judgment." *Hensley*, 461 U.S. at 434. This means that counsel must prove that the hours worked were not unreasonable (*i.e.*, the hours did not include "excessive, redundant, or otherwise unnecessary" work). *Id.*

Before determining whether the hours worked were reasonable, a not-so-quick aside is warranted. The Court notes that Plaintiff incurred a great deal of attorney's fees as a result of Defendants' wasteful litigation practices and numerous discovery violations. For example, had

**Link to 150 & 151 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 07-663 PSG (JWJx)                                    Date   November 7, 2008

Title     Gregory Scott Del Amo v. Norman Baccash, et al.

Defendants not abused the litigation process, Plaintiff most likely would not have incurred the following fees:

| | | |
|---|---|---|
| $7,235.00 | – | Services related to Motions to Compel Discovery |
| $3,880.00 | – | Services related to opposing Defendants' *ex parte* Application to Continue Trial and Trial-Related Dates |
| $1,589.25 | – | Services related to opposing Defendants' *ex parte* Application for an Order Shortening Time to Continue Discovery Cut-Off Date |
| $6,047.00 | – | Services related to Del Amo's First Motion for Issue and Evidence Sanctions |
| $3,033.00 | – | Services related to Del Amo's Second Motion for Issue and Evidence Sanctions |

Importantly, this list is not exhaustive; rather, it is simply a small sample of motions that this Court most likely would not have had to entertain if Defendants had not engaged in abusive litigation practices. This point is being emphasized because a cursory comparison of the attorney's fees incurred with the amount of damages awarded to Plaintiff does appear, especially at first blush, to be disproportionate. But when one takes into account the subtleties and nuances of this case, one gains (as one would expect to) a much more accurate understanding of the consequences of Defendants' abusive practices. Specifically, one gains an understanding that Plaintiff incurred a great deal of his fees as a direct consequence of Defendants' decision to unnecessarily and unreasonably prolong this litigation.

      Now, Defendants attempt to frame their conduct as being part and parcel of a zealous litigation strategy. But even assuming there is a fine line between zealous advocacy and disobedience, blatantly ignoring court orders – as Defendants have done so throughout the litigation – clearly falls on the side of disobedience. *See Findings of Fact and Conclusions of Law* (July 15, 2008), 6:9-18 (finding that Defendants knowingly violated this Court's Orders and the Federal Rules of Civil Procedure by refusing to produce financial records to Plaintiff). This all being said, the Court can now determine whether, upon closer scrutiny, the hours worked by Plaintiff's counsel were reasonable.

**Link to 150 & 151 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

To substantiate the hours worked, Plaintiff has provided the Court with a copy of its attorneys' billing records. Based on that record, the Court calculates that counsel provided Plaintiff with 712 hours of legal services during the eighteen months between the time Plaintiff first met with counsel and the time the instant Motion is being entertained.[7] If the Court applied the rates provided by Plaintiff's counsel, then Plaintiff would be responsible for $203,053.75 in attorney's fees.[8] However, as noted above, the Court has found that that Plaintiff is not entitled to recover attorney's fees for work on the copyright claim. Thus, Plaintiff's recovery must reflect that finding.

Based on its familiarity with, and knowledge of, all aspects of this case, as well as its review of the billing statements provided by Plaintiff, the Court finds that a great deal of the work completed by Plaintiff's counsel on the non-recoverable claim (i.e., the copyright claim) overlapped with the work completed on the recoverable claims. Accordingly, the Court declines to apportion attorney's fees based on a pro rata basis since it would, in many instances, be impossible to do so. Instead, the Court takes a more holistic approach and considers the totality of the circumstances of the case. In doing so, the Court finds that Plaintiff is entitled to 80% of the attorney's fees requested, or $162,443.00. This sum represents the amount of work completed on the recoverable claims as well as the work completed for both the non-recoverable and recoverable claims. It does not, however, include work completed solely for the copyright claim.

### iii. Conclusion

Based on the foregoing, the Court awards Plaintiff $162,443.00 in attorney's fees.

### B. Costs

In addition to requesting attorney's fees, both parties also request costs.

1. Which Party is the Prevailing Party on the Three Claims Plaintiff Voluntarily Dismissed

---

[7] This number includes the hours expended in handling the present Motions for Attorney's Fees and Costs.

[8] This number takes into account the varying hourly rates of the attorneys and paralegals that worked on this case.

**Link to 150 & 151 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

Federal Rule of Civil Procedure 54(d)(1) provides that costs other than attorney's fees shall be allowed as of course to the prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order otherwise directs. This Rule, according to the Ninth Circuit, creates a presumption in favor of awarding costs to a prevailing party. *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002). It also, however, vests discretion in the district court to refuse to award costs. *Id.*; *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).

It is well-established that a court may award costs to a defendant after a plaintiff voluntarily dismisses the action with or without prejudice. *See Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037-38 (8th Cir. 2001) (per curiam). However, where a plaintiff's dismissal is without prejudice, neither party prevails for purposes of Rule 54(d)(1). *Id.* at 1037. Here, Plaintiff voluntarily dismissed the three claims without prejudice. Thus, following *Sequa Corporation*, neither party is the prevailing party on these claims. Since neither party is the prevailing party on these claims, it follows that neither party is entitled to costs incurred while prosecuting, or defending against, these claims.

    2.    <u>Plaintiff's Costs</u>

        a.    <u>Whether Rule 68 Limits Plaintiff's Recovery</u>

Before addressing the reasonableness of the costs claimed by Plaintiff, the Court first addresses an argument raised by Defendants. It is Defendants' position that since Plaintiff rejected a settlement offer under Rule 68 of the Federal Rules of Civil Procedure, Plaintiff cannot collect 1/4 of any costs the Court believes is due to Plaintiff under California Civil Code section 3344.

In relevant part, Rule 68 of the Federal Rules of Civil Procedure provides that "any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party . . . ." "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." *Id.*

Based on the foregoing, Defendants believe they are entitled to costs that relate to the Sunny Leone photograph. They reason that since Plaintiff's recovery of $750.00 in relation to the Sunny Leone photograph is far below the offer of $4,382.00 made by Defendants under Rule 68, this Court must, in accordance with Rule 68, award them costs. However, what Defendants

**Link to 150 & 151 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

fail to appreciate is that in analyzing whether Rule 68 bars a prevailing party from recovering costs, a court must consider not just the eventual judgment against the non-prevailing party, but also the attorney's fees that had accrued before the Rule 68 offer was made. *See Corder v. Gates*, 947 F.2d 374, 381 (9th Cir. 1991).

On March 13, 2008, Defendants made a Rule 68 offer. By that time in the case, though, Plaintiff's attorneys had already accrued tens of thousands of dollars in attorney's fees. *See Barchie Decl., Ex. A*, pp. 12-93. Thus, from the record it is evident that the statutory award plus the pre-offer accrued fees exceeded the Rule 68 offer of $4,382.00. For this reason, the Court finds that Defendants' Rule 68 offer does not limit Plaintiff's recovery under section 3344.

b. Analysis of Costs Claimed

Plaintiff seeks to recover costs not itemized in Plaintiff's Bill of Costs. These costs supposedly amount to $8,168.63. *See Pl. Mot.*, 16. Presumably, Plaintiff seeks to recover these costs as costs related to its California Civil Code section 3344 claim. However, for the reasons that follow the Court declines to award Plaintiff these costs.

As an initial matter, the Court notes that although California Civil Code section 3344 expressly provides that the prevailing party in an action under that section is entitled to an award of costs, it is also silent as to which costs are to be awarded. Under California law, where a statute authorizes an award of fees and costs, but is silent as to which costs are to be awarded, California courts look to California Code of Civil Procedure section 1033.5, which sets forth those costs that may and may not be recovered in a civil action.[9] *Davis v. KGO-T.V., Inc.*, 17 Cal. 4th 436, 442, 71 Cal. Rptr. 2d 452 (1998); *see also Shulman v. Group W. Productions*, 51 Cal. App. 4th 580, 59 Cal. Rptr. 2d 434 (1996) (superseded on unrelated grounds); *Page*, 960 F. Supp. 1438.

In his Motion for Attorney's Fees and Costs, Plaintiff seeks to recover costs that, with the possible exception of charges for deliveries of courtesy copies, are non-recoverable under

---

[9] For costs purposes in this instance, the Court applies California Code of Civil Procedure section 1033.5 rather than Rule 54(d) of the Federal Rules of Civil Procedure. The Court does so because it finds that the state law damages provision permits a prevailing party to recover costs as an element of compensatory damages. *See Page v. Something Weird Video*, 960 F. Supp. 1438 (C.D. Cal. 1996). Accordingly, state law and not federal law controls the assessment of costs. *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1064-66 (9th Cir. 2003).

**Link to 150 & 151 O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-663 PSG (JWJx) | Date | November 7, 2008 |
| Title | Gregory Scott Del Amo v. Norman Baccash, et al. | | |

California Code of Civil Procedure section 1033.5. *See, e.g., Ladas v. California State Auto. Ass'n*, 19 Cal. App. 4th 761, 776, 23 Cal. Rptr. 2d 810 (1993) (finding that costs incurred while performing online legal research are not recoverable pursuant to section 1033.5(b)(2) because they were excluded as "investigation expenses"). The burden was on Plaintiff to make clear which costs it could recover. Plaintiff, has, however failed to delineate the recoverable costs from the non-recoverable costs. Accordingly, based on the inadequacy of the record before it, the Court finds that it cannot apportion the recoverable costs from the non-recoverable costs. For that reason, the Court DENIES Plaintiff's Motion for Costs.

IV. CONCLUSION

Based on the foregoing, the Court:

1. GRANTS Plaintiff's Motion for Attorney's Fees in the sum of $162,443.00;

2. DENIES Plaintiff's Motion for Costs; and,

3. DENIES Defendants' Motion for Attorney's Fees and Costs.

I hereby attest and certify on 05-15-09 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY CLERK

1153

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS001779
Cashier ID: sramirez
Transaction Date: 06/08/2009
Payer Name: REUBEN RAUCHER AND BLUM
-----------------------------------
MISCELLANEOUS PAPERS
 For: REUBEN RAUCHER AND BLUM
 Amount:         $39.00
-----------------------------------
CHECK
 Check/Money Order Num: 25114
 Amt Tendered: $39.00
-----------------------------------
Total Due:      $39.00
Total Tendered: $39.00
Change Amt:     $0.00

09MC0461


There will be a fee of $45.00
charged for any returned check.
```